IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHER DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

JASON NIEVES,
Individually and on behalf of
herself and others similarly situated

Plaintiff,

CASE NO.: 09-CV-61330-COHM/ SELTZER

v.

INSURANCE CARE DIRECT, INC., a
Florida corporation, ARNOLD COHEN,
Individually, BRADLEY COHEN,
Individually, and SETH COHEN,
Individually,

Defendants.
_____/

**DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

COMES NOW the Defendants, Insurance Care Direct, Inc. ("ICD"), Arnold Cohen, Bradley Cohen and Seth Cohen (hereinafter collectively as "Defendants"), by and through their undersigned counsel and hereby files this Defendants' Motion to Dismiss Amended Complaint and Incorporated Memorandum of Law ("Motion"), and as grounds therefor state as follows:

**INTRODUCTION**

The Defendants in this case move this Court to dismiss the above captioned case on the following grounds: 1) under Fed. R. Civ. P. 12(b)(6), Plaintiff fails to state a claim upon which relief can be granted,

1

As set forth in greater detail below, the Plaintiff has not, under any set of circumstances, stated a claim upon which relief can be granted by this Court, even taken in the light most favorable to the Plaintiff. The Plaintiff in this case, Jason Nieves ("Nieves"), and all others similarly situated, are exempt from overtime pay under the Fair Labor Standards Act ("FLSA"). The statute and the corresponding regulations, 29 U.S.C. §207(i) and 29 C.F.R §779.401 et seq., exempt commissioned sales agents for retail goods or services from provisions of the FLSA. Furthermore, the Plaintiff ails to meet the standard for pleading a FLSA action. As a result, the Defendants respectfully request this Court dismiss Plaintiff's Complaint based upon the facts and law set forth below.

## RELEVANT FACTS

The facts most relevant to this Motion to Dismiss are those stated by the Plaintiff in her Complaint. Plaintiff 's claims to have had a working relationship with ICD as a commissioned "insurance sales agent" are not in dispute. Pl. Compl., ¶¶ 2, 13, 15, 18. Plaintiff's claims that the corporate defendant, ICD, is a company that "sells insurance and related services and products," are also not in dispute. *Id.* at ¶ 5, 6. Furthermore, by the Plaintiff's own admission, the Defendants are involved in retail sales and the Plaintiff, as well as the alleged class, are commissioned sales agents. *Id*. at ¶¶ 2, 13, 15, 18.

Nieves worked for ICD from "September 2008 through April 2009." Pl. Compl. ¶ 3. His association with ICD lasted less than seven months. The Plaintiff states he earned "less than

2

$100,000 from the Defendants in one or more years." *Id*. In Plaintiff's Complaint, Nieves does not plead that he and others similarly situated were paid commissions equaling less than one and one-half times the applicable minimum wage. Additionally, Plaintiff does not plead in his Complaint that less than one-half of his salary was attributable to commissions. Nieves could not have pled either of these statements, as each is simply untrue.

According to Plaintiff Nieves's own statement, he was paid "straight commissions" without any hourly wage at all. Pl's. Compl. at ¶ 15. Thus, commissions comprised much more than the required "one-half" of his salary.

Based on the commissioned sales exemption, Nieves and other similarly situated do not qualify for overtime pay. As a result, the Plaintiff and others similarly situated fail to state a claim upon which relief can be granted.

In conclusion, neither the facts nor the law alleged in Plaintiff's Complaint support the allegations raised therein. Thus, Plaintiff's Complaint fails to state a claim upon which relief can be granted and fails to meet even the most rudimentary standard of pleading a FLSA case. Thus the Plaintiff's Complaint should be dismissed.

## **MEMORANDUM OF LAW**

### **I. Introduction**

Both the facts and the law set forth in the Plaintiff's Complaint fail to establish a cause of action applicable to the Defendants. The Plaintiff and all others similarly situated are commissioned sales agents within a retail establishment, exempted from FLSA minimum wage

standards.  Additionally, the Plaintiff does not meet the standard of pleading for a FLSA case, and as a result cannot meet the prerequisites for bringing a class action lawsuit.

Based upon the facts and law set forth herein, this case should be dismissed with prejudice.

**II. Under the FLSA, 29 U.S.C. §207(i), the Plaintiff In This Case, and All Others Similarly Situated, Are Exempt From Overtime Pay as Commissioned Sales Agents in a Retail Establishment.**

The commissioned sales agent exemption under the FLSA, states:

> §207(i) Employment by retail or service establishment--
> No employer shall be deemed to have violated subsection (a) of this section by employing any employee of a retail or service establishment for a workweek in excess of the applicable workweek specified therein, if (1) the regular rate of pay of such employee is in excess of one and one-half times the minimum hourly rate applicable to him under section 206 of this title, and (2) more than half his compensation for a representative period (not less than one month) represents commissions on goods or services. In determining the proportion of compensation representing commissions, all earnings resulting from the application of a bona fide commission rate shall be deemed commissions on goods or services without regard to whether the computed commissions exceed the draw or guarantee.

29 U.S.C.A. §207(i) (2009).

As pled in the Plaintiff's own Complaint, Nieves and all persons similarly situated were "commission paid inside 'Insurance sales Agents.'" Pl. Compl. at 1. The only questions remaining are whether: 1) ICD qualifies as a retail establishment under both FLSA and the Code, and 2) the Plaintiff's commission payments meet the standards of both 29 U.S.C. §201(i) and 29 C.F.R. §779.401, et seq.

The Code defines a "retail or service establishment," in the following manner:

> §779.411 Employee of a "retail or service establishment"
> In order for an employee to come within the exemption from the overtime pay requirement provided by section 7(i) for certain employees receiving commissions, the employee must be employed by a retail or service establishment…[a]s used in section 7(i), as in other provisions of the Act, the term"retail or service establishment" means an establishment 75 per centum of whose annual dollar volume of sales of goods or services (or of both) is not for resale and is recognized as retail sales or services in the particular industry.

29 C.F.R. § 779.411 (2009).

The Defendants agree with the Plaintiff that Nieves and all others similarly situated are "commission paid inside 'Insurance sales Agents…performing the duties of an inside or telemarketing sales person." Pl. Compl., ¶ 2. ICD's telemarketing insurance sales agents sell life and/or health insurance to individuals, in person, over the phone and/or over the internet. The importance of defining an insurance sales agent is that the sale of insurance is a service, not a good, and the service is sold to individuals for their own or their family's use, not for the purpose of reselling to others.

Although Congress repealed Section 213(a) of FLSA in 1990, which was the only section of FLSA defining "retail service establishment," courts have found that the definition set forth in Section 213(a) is still applicable to Section 207(i), since Congress has shown no intent to modify the definition. *See, Reich v. Delcorp, Inc.,* 3 F.3d 1181, 1183 (8th Cir.1993). Section 213(a)(2) defined a retail or service establishment as:" (1) an establishment 75 per centum of whose annual dollar volume of sales of goods or services (or of both) is not for resale and (2) is

5

recognized as retail sales or services in the particular industry." 29 U.S.C. § 213(a)(2) (repealed 1990). Although not statutorily defined, much of this language is still contained in the Code under 29 C.F.R. §779.411.

In further assistance of defining "retail service establishment," the Fourth Circuit found that "[t]he 'service establishments contemplated by provision of Fair Labor Standards Act creating exemption in favor of certain operators of retail or service establishments must, be of the same sort as the retail establishment, that is, one selling services to consumers, and the exemption should be limited to those who serve consumers directly." *Guess v. Montague*, 140 F.2d 500 (4th Cir., 1943).

Under the applicable language of the Code, case law and the now repealed 29 U.S.C. §213(a)(2), it is clear that ICD's sales, which are "not for resale," comprising at least '75 per centum' or 'seventy five percent' of ICD's total sales, meets the required definition of a "retail service establishment." In fact, one hundred percent of ICD's sales, are sold directly to individual consumers, not corporations or indirectly to other companies in order for them to sell directly to consumers. Furthermore, the sale of insurance by individual licensed agents to individuals and/or such individual's family is recognized by the industry as the main source of insurance sales. Thus, ICD qualifies for the commissioned sales agent exemption to FLSA, by meeting the requirements of a "retail or service establishment."

Additionally, ICD meets the minimum compensation requirements under both FLSA and

the Code. Under the FLSA exemption, the commission compensation requirement reads as follows:

> (1) the regular rate of pay of such employee is in excess of one and one-half times the minimum hourly rate applicable to him under section 206 of this title, and
> (2) more than half his compensation for a representative period (not less than one month) represents commissions on goods or services.

29 U.S.C. §207(i)(a)(1-2) (2009).

The Code also specifies that,
> (a) The "regular rate" of pay of such employee must be more than one and one half times the minimum hourly rate applicable to him under section 6, and
> (b) More than half his compensation for a "representative period" (not less than one month) must represent commissions on goods or services.

29 C.F.R. § 779.412 (2009).

Nowhere in Plainitiff's Compaint does the Plaintiff plead he was paid less than one and one half times minimum wage. Plaintiff Nieves did not plead this fact simply because he could not plead this fact. As a result of the lack of pleading, Plaintiff Nieves is precluded from arguing this point.

As for the requirement that more than half of the compensation for any representative period be commissions, ICD followed the insurance industry norm, in which it is usual and customary to pay licensed insurance agents compensation by straight commissions. Insurance carriers customarily pay licensed agents straight commission on retail sales to individuals. Rarely is an "insurance sales agent" paid hourly wages.

By the Plaintiff's own admission, Nieves and all other similarly situated persons were paid "straight commissions." Pl's. Compl. at ¶ 15. In other words, Plaintiff Nieves and others similarly situated were paid commissions as defined by 29 C.F.R. §779.413. Straight

7

commissions are those commissions "[paid by] 'advances,' 'guarantees,' or 'draws…' [where] [t]he employee is paid a fixed weekly, biweekly, semimonthly, or monthly 'advance,' 'guarantee,' or 'draw.' At periodic intervals a settlement is made at which time the payments already made are supplemented by any additional amount by which his commission earnings exceed the amounts previously paid." 29 C.F.R. §779.413 (2009).

Under the "straight commission" standard pled by the Plaintiff herself and defined by the Code, there would be no hourly wages paid to the Plaintiff, only commissions. Thus, ICD meets the second part of the test dictated by both FLSA and the Code, which is that more than half of the Plaintiff's compensation represents commissions paid on goods or services.

As set forth above, ICD meets all of the standards for exemption from paying minimum wage to those persons working for ICD who were paid straight commissions as insurance sales agents, under both 29 U.S.C. §207(i) and 29 C.F.R. §779.410 et seq. As a result, this case should be dismissed with prejudice.

II. **Plaintiff Does Not Meet the Pleading Standard for a FLSA Collective Action Case**

*Sarti v. Protective Services, Inc.* sets forth a two step process pleading requirement for a collective action under FLSA. Plaintiff Nieves must prove he was permitted to work without compensation. *Sarti v. Protective Services, Inc.*, 2009 WL 1492024 (S.D. Fla. 2009) (quoting *Allen v. Bd. of Pub. Educ. for Bibb County,* 495 F.3d 1306, 1315 (11th Cir. 2007)). "Courts have interpreted this to mean that a FLSA plaintiff must demonstrate (1) she worked overtime without compensation and (2) **the employer knew or should have known of the overtime work**

(emphasis supplied)." *Allen* at 1314-15. Although Plaintiff Nieves pleads that he was permitted to work without compensation, nowhere in Plaintiff's Complaint does he plead that the Defendants knew or should have known that he was working overtime hours. Nor does he plead this information in any supporting affidavit. As such, he does not meet the pleading standards of a FLSA case.

Based on the facts and law set forth above, Plaintiff's complaint should be dismissed.

## CONCLUSION

For the reasons set forth herein above, the Defendants respectfully request that this Court dismiss Plaintiff's case with prejudice under both Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted, and any other relief this Court deems necessary and proper.

Respectfully submitted,
Janis L. Rosenthal, Esq.

_____
Janis L. Rosenthal, Esq.
FBN: 540129
The Law Offices of
Janis L. Rosenthal Esq., P.A.
Attorneys for the Defendants
P.O. Box 260849
Pembroke Pines, FL 33026
Phone: 954.303.0833
Fax: 954.450.6134

## CERTIFICATE OF SERVICE

We the undersigned hereby certify that a true and correct copy of the foregoing pleading was filed with the ECM system and presumed to be served upon the following on this the __4th__ day of ___November_____ 2009, at  afrisch@forthepeople.com