UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 09-61330-Civ-Cohn/Seltzer

JASON NIEVES, individually and on
behalf of himself and others similarly situated,

    Plaintiff,

v.

INSURANCE CARE DIRECT, INC., a Florida
corporation, ARNOLD COHEN, individually,
BRADLEY COHEN, individually, and
SETH COHEN, individually,

    Defendants.
_____/

**ORDER DENYING MOTIONS TO DISMISS**
**ORDER GRANTING MOTION TO NOTIFY POTENTIAL OPT-IN CLASS MEMBERS**

**THIS CAUSE** is before the Court upon Defendants' Motion to Dismiss Complaint and to Deny Certification as a Class Action [DE 17/21], Plaintiff's Motion to Conditionally Certify Collective Action and Facilitate Notice to Potential Class Members [DE 24], Defendants' Motion to Dismiss Amended Complaint [DE 32], and Defendants' Unopposed Motion to Stay Discovery Pending Resolution of Motion to Dismiss [DE 56]. The Court has carefully considered the motions, responses, and replies thereto, and is otherwise fully advised in the premises.

I. BACKGROUND

Plaintiff Jason Nieves (replacing original plaintiff Ruth Abraham) was employed as a commission paid inside "Insurance Sales Agent" for Defendant Insurance Care Direct, Inc. ("ICD").[1] As alleged in the Amended Complaint, ICD is in the business of

---

[1] Individual Defendants Arnold Cohen, Bradley Cohen, and Seth Cohen are alleged to be owners and/or operators of ICD who regularly exercise the authority to be

selling insurance and related services via telemarketing sales to consumers.  Amended Complaint, ¶¶ 2, 5 [DE 32].  Plaintiff alleges that he and other similarly situated Insurance Sales Agents were non-exempt from the overtime requirements of the FLSA, yet Defendants' customs and practices failed to calculate time actually worked, their regular rate of pay, and failed to pay them overtime.  Id., ¶ 14.  Rather, Plaintiff was paid straight commissions, with no additional compensation for overtime.  Id., ¶ 15.  Plaintiffs further allege that "Defendants failed to include all hours worked," and those acts were "intentional, willful and unlawful" resulting in violations of the FLSA.  Id., ¶¶ 16, 29.

In their motion to dismiss, Defendants argue that Plaintiff fails to state a claim, in that he is exempt from the FLSA as more than half his compensation comes from commissions.  Plaintiff has also moved for this Court to conditionally certify a collective action and to order notice to facilitate opt-in plaintiffs to join this action.  The Court will first address the motion to dismiss, and then the motion for notice to potential class members.[2]

---

considered an "employer" pursuant to the FLSA.  Amended Complaint, ¶¶ 7-9.  Their status as employers is not at issue in the pending motions.

[2]  Defendants filed a motion to dismiss the initial complaint, combined with a motion to deny certification of a class.  The later relief was premature, as Plaintiff has clarified that he only seeks notice to a potential opt-in class, and not certification of a class pursuant to Rule 23 of the Federal Rules of Civil Procedure.  As to the initial motion to dismiss, Plaintiff filed an Amended Complaint which mooted the Defendants' initial motion.  The Amended Complaint replaces Ruth Abraham as named Plaintiff with Jason Nieves.

## II.  DISCUSSION

### A.  Motion to Dismiss

Defendants move to dismiss the claim for failure to pay overtime pay for failure to state a claim.   Until the Supreme Court decision in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), courts routinely followed the rule that, "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Marsh v. Butler County, 268 F.3d 1014, 1022 (11th Cir. 2001).  However, pursuant to Twombly, to survive a motion to dismiss, a complaint must now contain factual allegations which are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  550 U.S. at 555.   "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id.  In Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009), the Supreme Court further stated that a court need not accept legal conclusions as true, but only well-pleaded factual allegations are entitled to an assumption of truth.

### 1.  Commissioned Sales Agents

Defendants move to dismiss the Complaint because Plaintiff is a commissioned sales agent exempt from FLSA coverage pursuant to 29 U.S.C. § 207(i).  Plaintiff clearly pleads that he is paid by commissions, but that he is non-exempt.  Plaintiff argues that because FLSA exemptions are affirmative defenses, Defendants bear the

burden of proving an exemption, something that cannot be argued on a motion to dismiss. While this is generally true, the case relied upon by Plaintiff regarding the lack of an obligation to negate an affirmative in the complaint relied upon the Conley motion to dismiss standard and involved a statute of limitations defense. La Grasta v. First Union Securities, Inc., 358 F.3d 840, 845 (11th Cir. 2004). That decision stated that when the affirmative defense is "apparent from the face of the complaint," it may be raised in a motion to dismiss. Id. In the present case, it is apparent that Plaintiff is a commissioned sales agent. However, that is not the end of the FLSA exemption inquiry.

### 2. Retail or Service Establishment

Commissioned sales agents are only exempted from the FLSA overtime requirements when employed by a "retail or service establishment." 29 U.S.C. 207(i) (West 2009). That term is no longer defined in the FLSA. 29 U.S.C. § 213(a)(2) (repealed in 1990). Instead, the Department of Labor has issued regulations that list examples of establishments that are *not* retail. 29 C.F.R. § 779.317 (West 2009). This list includes one line that states: "Insurance; mutual, stock and fraternal benefit, including insurance brokers, agents, and claims adjustment offices" and another that states: "Brokers, custom house; freight brokers; insurance brokers, stock or commodity brokers." Id.

Defendants urge the Court to follow the repealed statute's definition and conclude that because more than 75% of their services are not sold for resale (i.e., they are sold directly to consumers) and their business is recognized as retail sales in their industry, that their business comes under the FLSA retail exemption. Defendants also

argue that the regulation's reference to insurance brokers is limited to certain types of insurance, i.e. "mutual, stock and fraternal benefit," which do not apply to ICD's business of selling health insurance.  Neither side specifically addresses the second reference to "insurance brokers," which appears to stand on its own without limitation to a specific type of insurance.

Plaintiff argues that the Court should not reach this exemption issue as it is beyond the four corners of the Amended Complaint, and on the merits, at least one district court has found similar situated insurance brokers to be covered under FLSA by relying upon the DOL regulations.  Parks v. Eastwood Insurance Services, Inc., 2003 WL 25682287 (C.D. Cal 2003).  This Court is convinced after reviewing both sides' citations that the issue of whether Defendants are a retail service establishment is a fact question that is beyond reach at this motion to dismiss stage.  See Klinedinst v. Swift Investments, Inc., 260 F.3d 1251, 1254 (11th Cir. 2001).  Plaintiff has sufficiently plead his claim for overtime compensation above a speculative level under Twombley and Iqbal.

### 3.  Lack of Knowledge of Defendants

Defendants further assert that the Amended Complaint fails to state a claim because Plaintiff has not alleged that his employer knew or should have known of the overtime work.  Allen v. Bd. of Pub. Educ. for Bibb County, 495 F.3d 1306, 1315 (11th Cir. 2007).  However, the Court in Allen also stated that when an employer does not allow recording of overtime, it cannot then disclaim constructive knowledge of overtime worked.  495 F.3d at 1320-21.  Plaintiff has alleged in this case that Defendants "failed to credit time actually worked," "failed to include all hours worked," and does not

possess any records to show the hours that Plaintiff worked, despite an employer's obligation to retain such records. Amended Complaint, ¶¶ 14, 16, 19. By alleging that this practice of not recording time actually worked was Defendants' custom and practice, Plaintiff has sufficiently alleged constructive knowledge for purposes of FLSA pleading. Again, these factual allegations raise the claim above the Twombley/Iqbal standard on a motion to dismiss. The motion to dismiss the amended complaint is therefore denied.

### B. Motion to Certify Collective Action

Plaintiffs seek an order of this court allowing notification of potential class members under Section 216(b) of the FLSA. It is settled in the Eleventh Circuit that a district court has the authority under the FLSA to issue an order requiring notice to similarly situated persons. See Grayson v. K Mart Corporation, 79 F.3d 1086, 1097 (11th Cir. 1996); Dybach v. State of Florida Dep't of Corrections, 942 F.2d 1562 (11th Cir.1991). Before determining whether to exercise such power, however, Dybach instructs the district court that it "should satisfy itself that there are other employees of the department-employer who desire to 'opt-in' and who are 'similarly situated' with respect to their job requirements and with regard to their pay provisions." Id. at 1567-1568. If the district court concludes that there are such other employees, the court then has the discretion to establish the specific procedures to be followed with respect to such possible opting-in. Id. at 1568.

In Hipp v. Liberty Nat. Life Ins. Co., 252 F.3d 1208, 1219 (11th Cir. 2001), the Eleventh Circuit reaffirmed the Grayson-Dybach standard, but also addressed the issue

of requiring a "two-tiered" approach of conditional class certification and a later defense motion for decertification after discovery.  The Court stated that:

> The two-tiered approach to certification of § 216(b) opt-in classes described above appears to be an effective tool for district courts to use in managing these often complex cases, and we suggest that district courts in this circuit adopt it in future cases. Nothing in our circuit precedent, however, requires district courts to utilize this approach. The decision to create an opt-in class under § 216(b), like the decision on class certification under Rule 23, remains soundly within the discretion of the district court.

Hipp, 252 F.3d at 1219.  The Hipp decision did not change a plaintiff's burden to obtain court-authorized notification.[3]

In this case, Plaintiffs seek notification of the group of employees known as "Insurance Sales Agents" who were paid solely commissions and who earned less than $100,000 per year for any period of their employment, and who were not paid overtime. Plaintiffs assert that the Defendants' policy was to classify all such insurance sales agents as exempt from the FLSA.  Defendants oppose the motion on several grounds. First, Defendants argue that the motion is premature as their motion to dismiss remains pending.  The Court has disposed of the motion above, and is not aware of any published decision forbidding a plaintiff from moving for notice to potential class members before the case is at issue.  Second, Defendants reassert their argument that Plaintiff failed to plead knowledge.  This argument was rejected in the prior section of this order.

Defendants' third argument regarding the sufficiency of the evidence that there

---

[3] The Court notes the "fairly lenient" language contained in the Hipp decision is actually part of a long quote from the Fifth Circuit in Mooney v. Aramco Servs. Co., 54 F.3d 1207, 1213-14 (5th Cir. 1995).

are other employees of the employer who desire to opt-in invokes the first step of the Dybach test outlined above. The record in this case reveals that nine other employees have filed notices of consent and/or affidavits indicating their desire to be part of this lawsuit, in addition to named Plaintiff, Jason Nieves.[4] Defendants take issue that at least two of these individuals were not employees of ICD, but were acting as corporations. Defendants assert other individuals were independent contractors and not employees.

Although the case law on this issue has never quantified the number of similarly situated employees that must be identified before a motion for notification may be granted, this Court concludes that Plaintiff has met his burden that other similarly situated employees "desire to opt-in." Dybach, 942 F.2d at 1567-68; cf. Haynes v. Singer Co., Inc., 696 F.2d 884 (11th Cir.1983) (finding that unsworn allegations that FLSA violations were widespread and that additional plaintiffs would come from other stores owned by employer not sufficient to authorize notice to other potential class members). There is sufficient evidence that other specifically named insurance sales agents desire to opt-in to this litigation. Whether enough of those employees were acting as corporations or independent contractors so as to be outside of the FLSA to ultimately derail final certification under the second tier of the Hipp process is not determinative at the first tier of effectuating notice to all insurance sales agents.[5]

---

[4] These other employees are Ruth Abraham [DE 3], Richard Duclon [DE 4], Gerald Gervasi [DE 5/7], Robert Mealing [DE 6], Jerry Greenberg [DE 9], Edward Keller [DE 10], Steve Lavarnway [DE 11], Michael Ginsberg [DE 15], and Michael Marks [DE 53].

[5] The Court will include in the Notice sent to potential class members that if they worked as part of their own corporation then they are not eligible to opt-in. In its

Plaintiff met the fairly lenient standard of showing that some other employees who believed they were employees desire to opt-in to this action.

As to the second step of Dybach, Defendants argue that Plaintiff has not shown that there are other insurance sales agents who are similarly situated with respect to their job requirements and with regard to their pay provisions for purposes of allowing notification to potential class members due overtime under the FLSA. Although Plaintiff's burden is not heavy, he must still make "substantial allegations of class-wide discrimination, that is, detailed allegations supported by affidavits which successfully engage defendants' affidavits to the contrary." Grayson, 79 F.3d at 1097.

Plaintiff's affidavits submitted in support of the motion do make such allegations of class-wide discrimination in treating all insurance sales agents as exempt from the FLSA [DE 24-2]. As above, Defendant argues that because not all insurance sales agents were individual employees (some are corporations and some are independent contractors), these different groups are not similarly situated with regard to their pay provisions. However, it is undisputed that all insurance sales agents did the same job and were paid by commissions, though some sold different insurance products which resulted in different commission levels.

The Court concludes that Plaintiff has met his burden that the other employees who wish to opt in are similarly situated with respect to their job requirements and with regard to their pay provisions. The test under Dybach is not that the employees are identical in these respects, but merely similar.

---

discretion, the Court concludes that this should address Defendants' concern of ineligible workers. See next section of this Order.

9

### C. Form of Notice

Plaintiff has submitted a proposed form of notice to potential class members, though he seeks limited discovery as Plaintiff is not in possession of all the names and addresses of affected individuals. Turning first to the form of notice, Exhibit 3 to Plaintiff's Motion [DE 24-3], it appears that the second page of the Notice uses language from another lawsuit not applicable to this action.[6] The Court also notes that the form uses the former named Plaintiff "Abraham" rather than Jason Nieves. With regard to the final paragraph on the second page, it should only include the first sentence about prohibiting discrimination, but not the remaining portion that serves as a sort of advertisement for Plaintiff's firm. Finally, the Court concludes that it is appropriate for this case to inform potential opt-in persons that if they worked for Defendants as part of their own corporation, that they are not eligible to opt-in to this action. As for the consent form itself, other than changing the style of the case to "Nieves," the form is approved.

Plaintiff shall resubmit a form of notice in compliance with the prior paragraph. At the same time, the Court will direct Defendants to cooperate with Plaintiff and produce the names and last known addresses (in a form suitable for mailing) for all commission paid insurance sales agents who worked at Defendants' Deerfield Beach location from October 16, 2006 through present and who did not make more than

---

[6] The first bullet point on the second page refers to "Soto," while second bullet point states that "Defendants have agreed to pay each class member damages. . . ." In addition, the "Ask to Be Included" box states that "you will receive money" from "the" settlement, rather than the phrase "may receive money from any award or settlement in this action."

$100,000 in the calendar years 2007, 2008 or 2009.[7]  At this stage, this production should include those individuals whom Defendants believe worked as a separate corporation.

## III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss Complaint and to Deny Certification as a Class Action [DE 17/21] is hereby **DENIED as moot**;

2. Defendant's Motion to Dismiss Amended Complaint [DE 32] is hereby **DENIED**;

3. Plaintiff's Motion to Conditionally Certify Collective Action and Facilitate Notice to Potential Class Members [DE 24] is hereby **GRANTED**;

4. Plaintiff shall file a revised proposed Notice and Consent Form no later than January 29, 2010.  Plaintiff shall both file the notice and send via email a Wordperfect or Word version to cohn@flsd.uscourts.gov;

5. By February 10, 2010, Defendants shall produce to Plaintiffs a list of names and addresses of all commission paid insurance sales agents who worked at Defendants' Deerfield Beach location from October 16, 2006 through present and who did not make more than $100,000 in the calendar years 2007, 2008 or 2009.   In cooperation with Plaintiff's counsel, the information should be produced in a computerized format that can be used for mailing purposes;

6. By February 16, 2010, the parties shall cooperate to send the to-be-approved

---

[7] The Court chooses October 16, 2006, as three years from the filing of the Amended Complaint, which was the first time Jason Nieves was the named Plaintiff.  Because Ruth Abraham was removed as named Plaintiff, the three year period should not relate back to August 27, 2006.

11

Notice and Consent to Opt-in forms, allowing sixty (45) days for former employees to opt-in to this action.

7. Defendant's Unopposed Motion to Stay Discovery Pending Resolution of Motion to Dismiss [DE 56] is hereby **DENIED as moot**. The Court will reset all deadlines in this case by separate order.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 25th day of January, 2010.

*/s/ James I. Cohn*
JAMES I. COHN
United States District Judge

copies to:

counsel of record as listed on CM/ECF